# TAYLOR *v.* LOWRIE.

---

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE; DESIGNS.

1. The testimony of joint applicants who are parties to an interference is insufficient to support their case if uncorroborated. (Following *Garrels* v. *Freeman*, 21 App. D. C. 207.)

2. Where in an interference the question involved was whether one of the parties reduced to practice prior to the date of conception by his adversary, and the Examiners-in-Chief of the Patent Office awarded him priority on the ground that he had done so, while the, Commissioner's decision in his favor was based upon the ground that he had secured a design patent two days prior to the date of conception by the other party, this court *affirmed* the decision of the Commissioner

basing its decision on the ground assigned by the Examiners-in-Chief, although agreeing with the Commissioner that the issue of a design patent entitled the patentee to judgment in the interference.

No. 329. Patent Appeals. Submitted March 20, 1906. Decided May 3, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          Affirmed.

The facts are sufficiently stated in the opinion.

Mr. Horace Pettit and Mr. Harry Cobb Kennedy for the appellant.

Mr. William F. Hall and Mr. Edward C. Hard for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents awarding priority of invention to Wilhelmina M. Lowrie of the following issue:

"A garment adjuster or fastener comprising a body, an attaching shank depending from said body and provided with means for attaching it to a supporting garment, a hook arranged at the lower central portion of the body for engaging the shirt waist, a pair of hooks arranged above and at opposite sides of said shirt waist hook for engaging the dress skirt, and a hook for holding the belt, substantially as set forth."

This is the companion appeal referred to in our decision in Lowrie v. Taylor, ante, 522, decided at the present term of the court. The facts relating to the controversy leading up to this appeal have been there set forth, and will not be here repeated. The Examiner of Interferences awarded priority of invention of this issue to Taylor and Taylor, while the Examiners-in-Chief and the Commissioner of Patents have found in favor of Lowrie.

All of the tribunals, however, have agreed in finding that Taylor and Taylor have offered no testimony other than their own, tending to prove conception by them prior to February 7,

1901. That joint applicants involved in an interference cannot prove their case by their own unsupported testimony has been determined by this court in *Garrels* v. *Freeman,* 21 App. D. C. 207, and in cases there cited. If, therefore, the evidence presented on behalf of Lowrie warrants a finding that prior to February 7, 1901, Lowrie had conceived, disclosed, and reduced to practice the issue of this interference, or had conceived and disclosed the same, and was proceeding with diligence to reduce the same to practice, at the time when Taylor and Taylor entered the field, then the priority must be adjudged in favor of her, and the decision of the Commissioner affirmed.

As we have said, the Examiners-in-Chief and the Commissioner of Patents have both found in favor of Lowrie. But they have based their decision upon different grounds. The Examiners-in-Chief have found that in August, 1900, a device embodying the subject-matter of this interference was made for Lowrie; and that device, known as Lowrie's Exhibit No. 1, is in evidence. They hold that this Exhibit No. 1 constitutes a valid reduction to practice.

The Commissioner of Patents bases his decision upon the fact that two days prior to February 7, 1901 (the earliest date that can be given to Taylor and Taylor), Lowrie had secured a design patent, No. 34,022, which disclosed the invention of this issue.

We are of the opinion that the conclusion arrived at is correct, whether based upon either or both grounds. While agreeing with the Commissioner of Patents that the issue of the design patent to Lowrie entitles her to a judgment in these proceedings, we prefer to base our decision upon the ground adopted by the Examiners-in-Chief. We believe that Lowrie's Exhibit No. 1 constitutes a valid reduction to practice, and we have given our reasons for this conclusion in the opinion rendered in the cross appeal of *Lowrie* v. *Taylor,* [*ante* 522].

Finding no error in the decision appealed from, it will be affirmed. It is so ordered, and this decision is to be certified to the Commissioner of Patents, as the law provides.

*Affirmed.*